NO. 07-08-0468-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 27, 2009

______________________________


BARBARA EVONNE HILL, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant

v.

THE STATE OF TEXAS, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee

_________________________________

FROM THE 252ND DISTRICT COURT OF HALE COUNTY;

NO. B17507-0801; HON. ED SELF, PRESIDING
_______________________________

Anders Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Â Â Â Â Â Â Â Â Â Â Barbara Evonne Hill (appellant) appeals her conviction for possession of a
controlled substance within 1,000 feet of a school, enhanced. Punishment was assessed
by the jury at sixty years in the Texas Department of Criminal Justice Institutional Division. 
Appellant timely filed her notice of appeal. 
Â Â 
Â Â Â Â Â Â Â Â Â Â Appellantâs appointed counsel has filed a motion to withdraw, together with an
Anders


 brief, wherein he certifies that, after diligently searching the record, he has
concluded that appellantâs appeal is without merit. Along with his brief, he has filed a copy
of a letter sent to appellant informing her of counselâs belief that there was no reversible
error and of appellantâs right to appeal pro se. By letter dated January 16, 2009, this court
notified appellant of her right to file her own brief or response by February 17, 2009, if she
wished to do so. To date, appellant has not filed a response. 
Â Â Â Â Â Â Â Â Â Â In compliance with the principles enunciated in Anders, appellate counsel discussed
one possible ground for appeal, that being the sufficiency of the evidence to support guilt. 
However, appellate counsel, after reviewing the evidence presented at trial, found the
evidence to be both legally and factually sufficient. Thereafter, we conducted our own
review of the record to assess the accuracy of appellate counselâs conclusions and to
uncover any error, reversible or otherwise, pursuant to Stafford v. State, 813 S.W.2d 503
(Tex. Crim. App. 1991), and concluded the same. 
Â Â Â Â Â Â Â Â Â Â Accordingly, the motion to withdraw is granted and the judgment is affirmed.



Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Brian Quinn 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice 
Â Â 

Do not publish.



ideWhenUsed="false" Name="Colorful Grid Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0011-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL A

Â 

 NOVEMBER 9, 2010



Â 

Â 



Â 

Â 

BERNIE MAC WALL AKA BERNIE MACK WALL, APPELLANT

Â 

v.

Â 

THE STATE OF TEXAS, APPELLEE 



Â 

Â 



Â 

Â FROM THE 355TH DISTRICT
COURT OF HOOD COUNTY;

Â 

NO. CR11138; HONORABLE RALPH H. WALTON, JR., JUDGE



Â 

Â 



Â 

Before CAMPBELL and HANCOCK and PIRTLE,
JJ.

Â 

Â 

MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â  Appellant, Bernie
Mac Wall a/k/a Bernie Mack Wall, was convicted by a jury of attempted
kidnapping, enhanced by prior felony convictions, for aggravated sexual assault
by threats of violence and force, burglary of a vehicle, and theft from a
person.[1]Â  He was sentenced to twenty years confinement
and fined ten thousand dollars.Â  In
presenting his appeal, counsel has filed an Anders[2]
brief in support of a motion to withdraw.Â 
We grant counsel's motion and affirm.

Â Â Â Â Â Â Â Â Â Â Â  In support of his motion to
withdraw, counsel certifies he has conducted a conscientious examination of the
record and, in his opinion, the record reflects no potentially plausible basis
to support an appeal.Â  Anders v. California, 386 U.S. 738,
744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Schulman, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008).Â  Counsel candidly discusses why, under the
controlling authorities, the appeal is frivolous.Â  See High
v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).Â  Counsel has also demonstrated that he has
complied with the requirements of Anders
and In re Schulman by (1) providing a
copy of the brief to Appellant, (2) notifying him of his right to file a pro se response if he desired to do so,
and (3) informing him of his right to file a pro se petition for discretionary review.Â  In re Schulman, 252 S.W.3d at 408.[3]Â  Neither the State nor Appellant filed a
response to counsel's brief. 

Â Â Â Â Â Â Â Â Â Â Â  By his Anders brief, counsel raises two arguable issues:Â  (1) whether the evidence is legally and
factually sufficient to support the trial court's judgment[4] and (2) whether the trial
court erred by permitting a state jail felony offense to be punished as a
second degree felony.Â  Counsel then
candidly reviews each arguable issue and explains why no reversible error is
presented. Â Â 

Â Â Â Â Â Â Â Â Â Â Â  We have reviewed counsel's arguments
and we have independently examined the entire record to determine whether there
are any non-frivolous issues which might support the appeal.Â  See
Penson v. Ohio, 488 U.S. 75, 80, 109 S.Ct. 346, 102 S.Ct. 346, 102 L.Ed.2d
300 (1988); In re Schulman, 252
S.W.3d at 409; Stafford v. State, 813
S.W.2d 503, 511 (Tex.Crim.App. 1991).Â  We
have found no such issues.Â  See Gainous v. State, 436
S.W.2d 137, 138 (Tex.Crim.App. 1969).Â 
After reviewing the record and counsel's brief, we agree with counsel
that there are no plausible grounds for appeal.Â 
See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex.Crim.App. 2005).

Â Â Â Â Â Â Â Â Â Â Â  Accordingly, counsel's motion to
withdraw is granted and the trial court's judgment is affirmed.Â Â Â  Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Patrick
A. Pirtle

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â  JusticeÂ  

Do not publish.Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â  











[1]See Tex. Penal Code Ann. Â§ 20.03 (Vernon
2003); Id. at Â§Â§ 12.35(c), 12.42(a)(3) (Vernon Supp. 2010). 





[2]Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).





[3]Notwithstanding
that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the Trial Court's Certification of Defendant's
Right of Appeal, counsel must comply with Rule 48.4 of the Texas Rules of
Appellate Procedure which provides that counsel shall within five days after
this opinion is handed down, send Appellant a copy of the opinion and judgment
together with notification of his right to file a pro se petition for discretionary review.Â  Tex. R. App. P. 48.4.Â  See
In re Schulman, 252 S.W.2d at 408 n.22 & 411 n.35.





[4]See Brooks v. State, No. PD-0210-09, 2010 Tex. Crim. App. LEXIS 1240, at *57 (Tex.Crim.App.
Oct. 6, 2010) (abandoning factual sufficiency as an evidentiary sufficiency
standard).